No. 30,843.

THE STATE OF KANSAS, ex rel. FRED ICE, County Attorney of Marion County, *Plaintiff*, v. THE STATE HIGHWAY COMMISSION, etc., *Defendant*.

(17 P. 2d 839.)

Opinion filed January 7, 1933.

*D. M. Ward,* of Peabody, and *Roscoe King,* of Marion, for the plaintiff.

*Wint Smith,* assistant attorney-general, and *Arthur J. Mellott,* of Kansas City, for the defendant.

The opinion of the court was delivered by

SLOAN, J.: This is an original proceeding in mandamus in which the plaintiff asks that a writ be issued directing the state highway commission to reimburse certain taxpayers in the city of Peabody for the payment of assessments made for the improvement of Ninth street within the city limits.

In 1924 Ninth street, extending along the north line of the city of Peabody from Walnut street to the east boundaries of the city, was paved and otherwise improved, and such pavement was extended north from the east end of the street for a distance of about fifteen hundred feet beyond the corporate limits. The improvement was made under and by virtue of R. S. 12-647 *et seq.* The statute was complied with in all respects. Benefit districts were formed, assessments made, bonds issued and taxes paid. In 1929 the improved street and road was designated as a part of the state highway system.

The plaintiff contends that the defendant is directed by statute to reimburse the city and its property owners for the money expended in the improvement of the street. On the other hand, the defendant contends that the statute is not applicable to streets, and the direction to reimburse applies only to roads which have been built under the benefit-district plan.

The legislature of 1929, acting under authority of the amendment to the constitution, created a state highway commission and directed it, with certain limitations, to designate and establish highways. (R. S. 1931 Supp. 68-406.) The last sentence of the section cited is as follows:

"In addition to the designation of highways as herein provided, the state highway commission shall designate in those cities on the state highway system certain streets as connecting links in such system."

R. S. 1931 Supp. 68-416 directs the state highway commission to make distribution of certain funds, and then provides:

". . . this fund to be used by the state highway commission in the county to which it is apportioned as follows: First, where roads on the state highway system have been built under the benefit-district plan to payment and reimbursement of benefit-district assessments as provided in section 18 of this act; . . ."

Section 18 of the act (R. S. 1931 Supp. 68-417) provides the conditions under which the payments are to be made to the benefit districts. Paragraph four of R. S. 1931 Supp. 68-416 provides:

"The state highway commission shall annually apportion and distribute quarterly to cities on the state highway system from the highway fund at the rate of two hundred and fifty dollars per mile for the maintenance of streets in said cities designated by the state highway commission as connecting links in the state highway system, said moneys to be credited to the street and alley funds of such cities. In lieu of said apportionment the state highway commission may maintain such streets in cities of the third class and pay for such maintenance from the highway fund."

The legislature has at all times made a distinction between streets and roads, and we have found no case in which this court has not consistently maintained the distinction. The statutes under consideration are all a part of the same act of the legislature. (Laws of 1929, ch. 225.) The act directs reimbursement "where roads on the state highway system have been built under the benefit-district plan." (Sec. 17.) The property owner is not entitled to reimbursement unless he comes within the terms of the act. His property must be within a benefit district created for the purpose of constructing a road which is a part of the state highway system. In order to determine the intent and purpose of the legislature in the enactment of the statute it is not necessary for us to specifically define the terms used in the statute. We are bound to read the act as a whole, and, when this is done, we note that the legislature maintained the distinction which has always been prevalent in our

law between a road and a street. It authorizes the commission to designate streets as connecting links in the state highway system and provides for the payment to the city for the extra use imposed upon such streets by virtue of their being a part of the state highway system. This can lead to but one conclusion. Reimbursement for the improvement of streets is not authorized by the act and cannot lawfully be made.

Plaintiff makes the further contention that this construction of the statute constitutes an unjust discrimination and denial of equal protection of the law in violation of the constitution of the state as well as the constitution of the United States. The division of a state highway system into country roads and city streets appears to be a common classification. The principle of equality is not violated unless there is an arbitrary or unreasonable classification. The classification complained of has a reasonable basis and does not offend the constitution. (*State v. Heitman,* 105 Kan. 139, 181 Pac. 630; *State, ex rel., v. Russell,* 119 Kan. 266, 237 Pac. 877; *Baird v. City of Wichita,* 128 Kan. 100, 276 Pac. 77; *State, ex rel., v. French,* 130 Kan. 464, 286 Pac. 204.)

The writ is denied.